IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45972

| STATE OF IDAHO, | ) | |
| | ) | Filed: December 5, 2019 |
| Plaintiff-Respondent, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| OTIS JAMES HUGHES, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven Hippler, District Judge.

Order denying motion to withdraw, affirmed; judgment of conviction, affirmed.

Fyffe Law LLC; Robyn Fyffe, Boise, for appellant. Robyn Fyffe argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

GRATTON, Chief Judge

Otis James Hughes appeals from the district court's judgment of conviction for conspiracy to traffic heroin, trafficking heroin, and possession of a controlled substance with intent to deliver. Hughes argues that the district court erred in denying defense counsel's motion to withdraw. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Hughes was indicted by a grand jury for conspiracy to traffic in heroin (Idaho Code §§ 37-2732B(a)(6)(B), 18-1701, 37-3732B(b)); three counts of trafficking in heroin (I.C. § 37-2732B(a)(6)); two counts of possession of a controlled substance with the intent to deliver (I.C. § 37-2732(a)); and misdemeanor possession of drug paraphernalia (I.C. § 37-2734A). The charges arose after officers received information that Hughes was selling heroin out of a Boise hotel. An undercover officer purchased heroin on multiple occasions from Hughes' codefendant

1

(B.J.) in the parking lot of the hotel. During the transactions, B.J. collected payment from the officer and went to B.J.'s supplier's hotel room (B.J. later identified his supplier as Hughes) to retrieve the heroin. After arresting B.J., officers obtained a warrant to search Hughes' hotel room. A search revealed the presence of heroin, methamphetamine, marijuana, drug paraphernalia, and packing materials. Thereafter, Hughes was indicted on the above-listed crimes.

Hughes' and B.J.'s cases were consolidated for trial and Hughes retained private counsel to appear on his behalf. On November 6, although he was represented by counsel, Hughes sent a letter to the district court in which, among other things, Hughes asked various legal questions, requested to view the search warrant himself to "make sure that it is authentic and not forged," and explained that he would like certain motions filed. On November 20, the court held a pretrial conference. At the hearing, counsel advised the court that the issues with the warrant had been resolved and Hughes was ready to proceed to trial. At the conclusion of the conference, Hughes chose to address the court on his own and explained that he was innocent, thought a motion to dismiss should have been filed, was concerned with getting evidence in at trial, and wanted to know how to send letters to the court. The district court addressed Hughes' concerns and asked that he speak with counsel to gain an understanding of the proceedings.

On November 21, counsel filed a motion for leave to withdraw as Hughes' counsel. In support of his motion, counsel filed an affidavit which contained, in part, the following representations:

> 6. I have reviewed his discovery with him on three separate occasions. The most recent being for an hour-and-a-half on Sunday, November 19, 2017, the day before his pre-trial conference.
> 7. During that visit I also discussed in detail with Mr. Hughes his request that I file a motion to suppress the search warrant in his case and provided him with my opinion that such a motion was frivolous and the legal reasoning behind it.
> 8. Despite our long meeting the day before and my explanation, Mr. Hughes insisted in attempting to address this issue in open court at his pre-trial conference on November 20, 2017.
> 9. Mr. Hughes previously attempted to communicate directly to the court in a letter addressed to Judge Hippler, dated November 6, 2017.
> 10. On November 20, 2017, I received a certified letter from Mr. Hughes which was dated November 15, 2017, in which he requests that I file a motion to dismiss his case based on what he describes as an "altered and fake search

2

warrant," [sic] He lists other grounds which he believes support a dismissal of his case.

11. He states in this same letter that he is sending the letter to the Idaho State Bar.

12. This letter was mailed prior to my meeting with him on November 19, [sic] however, Mr. Hughes [sic] insistence on addressing these same ideas to the Court on November 20, makes clear that he did not accept my legal advice with regard to the issues he raised.

13. His contact with the State Bar, while not officially a bar complaint, puts me in a potentially adversarial position with my client.

14. Mr. Hughes obviously does not have confidence in my representation and we are at an impasse as to what is in his best legal interest.

15. In addition to the above, an ethical concern has arisen which I am not at liberty to disclose to the court, but which makes me unable to represent Mr. Hughes adequately at trial.

The district court held a hearing on counsel's motion. At the hearing, counsel further elaborated on the reasons that he sought to withdraw. Ultimately, the district court denied counsel's motion to withdraw. Thereafter, the case proceeded to trial and a jury ultimately found Hughes guilty of conspiracy to traffic in heroin, three counts of trafficking in heroin, possession of methamphetamine with intent to deliver, and possession of drug paraphernalia. In addition, the jury acquitted Hughes of possession of marijuana with the intent to deliver but found him guilty of the included offense of possession of marijuana. Thereafter, counsel filed a renewed motion to withdraw as Hughes' attorney of record. The district court held a hearing on the motion, granted counsel's request, and appointed the public defender. The district court sentenced Hughes to an aggregate unified sentence of twenty-two years with twelve years determinate. Hughes timely appeals.

## II.

## ANALYSIS

Hughes argues that the district court erred in denying defense counsel's motion to withdraw because the district court's decision compelled counsel to represent Hughes while laboring under an actual conflict of interest. Specifically, Hughes argues that the district court's denial of the motion to withdraw violated his Sixth Amendment right to conflict-free counsel. When a party challenges a district court's denial on a motion to withdraw, we review the district court's determination for an abuse of discretion. *State v. Araiza*, 124 Idaho 82, 90, 856 P.2d 872, 880 (1993). The trial court's decision will only be regarded as an abuse of discretion if it

violated the defendant's right to counsel. *State v. Nath*, 137 Idaho 712, 715, 52 P.3d 857, 860 (2002).

The Sixth Amendment to the United States Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The amendment has been interpreted to include the right to be represented by conflict-free counsel. *Wood v. Georgia*, 450 U.S. 261, 271 (1981). In order to ensure that a defendant receives conflict-free counsel, a trial court has an affirmative duty to inquire into a potential conflict. *State v. Lovelace*, 140 Idaho 53, 60, 90 P.3d 278, 285 (2003); *see also Cuyler v. Sullivan*, 446 U.S. 335, 347 (1980). However, "an inquiry is only required 'when the trial court knows or reasonably should know that a particular conflict exists,' which is not to be confused with when the trial court is aware of a vague, unspecified possibility of conflict." *Hall v. State*, 155 Idaho 610, 619, 315 P.3d 798, 807 (2013) (quoting *Mickens v. Taylor*, 535 U.S. 162, 168-69 (2002)). A trial court's failure to conduct an inquiry, under certain circumstances, will serve as a basis for reversing a defendant's conviction. *Holloway v. Arkansas*, 435 U.S. 475, 488 (1978); *Cuyler*, 446 U.S. at 346-47.

Hughes claims (1) the court did not conduct an adequate inquiry into the conflict; (2) an actual conflict of interest adversely affected defense counsel's performance; and (3) neither judicial efficiency nor dilatory intent can justify the district court's violation of Hughes' right to conflict-free counsel. In response, the State argues (1) that the court did not have a duty to inquire; (2) even if the court had a duty to inquire, its inquiry was adequate; and (3) regardless, there was not an actual conflict of interest. We agree with the State.

We conclude that the district court did not abuse its discretion in denying counsel's motion to withdraw. First, Hughes' appellate argument rests on the assertion that the motion to withdraw proceedings should have led the district court to engage in a constitutional inquiry to determine if a constitutionally significant conflict of interest had arisen between Hughes and his counsel. We disagree. The district court did not have a duty to inquire. The district court was presented with a motion to withdraw by Hughes' private counsel. The motion was supported by the statements in the affidavit set forth above. At the motion to withdraw hearing, counsel expressed his concerns that Hughes was not accepting counsel's legal advice and had sent a letter to the Idaho State Bar. Counsel noted that the letter Hughes sent to the bar was not a disciplinary

4

complaint.[1] Counsel did not mention or elaborate on the ethical concern listed in the affidavit and concluded his argument by stating, "I think with his frequent and public complaints and his unrealistic view of how the case can be resolved, I can no longer give effective legal counsel."

The district court denied counsel's motion explaining, although the court appreciated that counsel may feel like he is in a difficult situation because of the letter sent to the bar, a letter to the bar is not a sufficient basis to withdraw, especially on the eve of trial. The district court also explained that Hughes' disagreement with counsel's strategic decisions is not a basis to allow withdrawal. Further, the district court (1) informed Hughes that his counsel was private and could be fired as Hughes saw fit; and (2) reassured Hughes that counsel was a "good lawyer and [could] ethically do his best job, notwithstanding that letter being filed." In response to counsel's argument and the district court's decision, Hughes asked to speak. Hughes said that he had done research on his attorney and counsel was a "great attorney." Thereafter, Hughes expressed his concerns with (1) counsel not filing a motion to dismiss; (2) the date on the search warrant in the case; and (3) any disappointment he has caused counsel in writing the letter to the bar. In response, the court attempted to alleviate Hughes' concerns by explaining (1) what is legally required for a motion to dismiss; (2) that counsel made a diligent effort to investigate suppression of the search warrant; and (3) that counsel is a "very good lawyer" and "will do everything he can to try to get you acquitted at trial."

Neither Hughes nor his trial counsel alleged that a conflict of interest of constitutional significance had arisen. Moreover, counsel's motion alleging disagreements regarding legal strategy, the potential of a future adversarial relationship caused by Hughes' contact with the bar, and an unspecified ethical concern did not give the trial court reason to know that any such conflict existed. Counsel was not representing competing interests, and there was no indication otherwise. *See Hall*, 155 Idaho at 619, 315 P.3d at 807 (finding that cases involving defense counsel's representation of multiple co-defendants is a situation that is more likely to give rise to a conflict). At best, the district court was presented with a vague, unspecified conflict of interest and did not have a duty to inquire under the Sixth Amendment. *Id.* The court properly considered the argument presented and the timing of the motion in relation to trial in denying

---

[1] It is important to note that in the affidavit, counsel concedes that Hughes' letter to the bar only put him in a potentially adversarial position which does not amount to an existing conflict of interest.

5

counsel's request to withdraw. *See State v. Lippert*, 145 Idaho 586, 594, 181 P.3d 512, 523 (Ct. App. 2007). Thus, the district court appropriately addressed the motion before it and did not abuse its discretion in denying counsel's motion to withdraw.

Second, even if the district court had a duty to inquire, the court engaged in an adequate inquiry.

> In order to satisfy the inquiry requirement, a trial court's examination of the potential conflict must be thorough and searching and should be conducted on the record. The court "must make the kind of inquiry that might ease the defendant's dissatisfaction, distrust, and concern." However, in determining whether a conflict exists, trial courts are entitled to rely on representations made by counsel. A court may inquire further into facts, but "is under no original or continuing obligation to do so."

*State v. Severson*, 147 Idaho 694, 704, 215 P.3d 414, 424 (2009) (internal citations omitted).

Whether a trial court's failure to adequately inquire into a potential conflict of interest is enough, on its own, to justify reversal depends on whether the defendant objected to the conflict at trial. *See Cuyler*, 446 U.S. at 348 (1980). When a trial court fails to make a proper inquiry, but the defendant did not object to the conflict at trial, the defendant's conviction will only be reversed if he or she can prove that an actual conflict of interest adversely affected his lawyer's performance. *Id.*

The record in this case demonstrates that the trial court conducted a proper inquiry into any potential conflict of interest. As set forth above, the district court held a hearing on counsel's motion and allowed counsel to express his concern regarding Hughes' representation.[2] In addition, the court gave Hughes the opportunity to voice his concerns with counsel's representation and thoroughly addressed each of Hughes' questions. The court reminded Hughes that, because counsel was private, he was free to fire counsel as he saw fit. Hughes did not indicate an intention to fire his counsel. Neither counsel nor Hughes alleged a conflict of interest that would prevent counsel from representing Hughes at trial. Based on the facts presented, the district court's inquiry into counsel's motion was adequate.

---

[2] On appeal, Hughes argues that the district court was required to accept counsel's representation that he could no longer give effective legal counsel. However, it is within the district court's purview to determine if a conflict exists. *Severson*, 147 Idaho at 704, 215 P.3d at 424. Although the court is entitled to rely on counsel's representations, it is not required to do so. *Id.*

Finally, although we need not discuss Hughes' contention because we conclude that the district court's duty to inquire was not triggered and the court's inquiry was adequate, we are inclined to address Hughes' argument that an actual conflict of interest existed in this case. Because Hughes did not object at trial, he is required to make a showing that an actual conflict of interest adversely affected his lawyer's performance. *See Cuyler*, 446 U.S. at 348. In an effort to prove that an actual conflict existed, Hughes points to purported violations of the duty of loyalty, duty of confidentiality, and the Idaho Rules of Professional Conduct and argues that trial counsel violated these rules by disparaging Hughes at the motion to withdraw hearing. Hughes claims counsel did so in an effort to promote counsel's own interests thereby creating a conflict of interest which adversely affected Hughes at trial. Hughes asserts that "counsel's statements [in the affidavit and at the hearing] benefitted only one person--counsel--by justifying his heroic efforts with a client he found unreasonable." In addition, Hughes faults the district court for allowing counsel to express his concerns with representing Hughes. Hughes' argument is both factually and legally without merit.

Factually, counsel simply advised the district court regarding the issues he was having with Hughes. In no way did counsel disparage his client, promote his own interests, or disclose confidential information. The prosecutor was already aware of the content presented at the hearing. Moreover, the majority of counsel's argument was filed in his affidavit and not discussed in open court. Counsel acted appropriately by explaining the reasons that he sought to withdraw at the motion to withdraw hearing. A motion to withdraw hearing is precisely the appropriate venue for trial counsel to explain to the court why he or she seeks to withdraw. Hughes' contention that the district court had some duty under these facts to prevent counsel from discussing the events which led to his motion to withdraw is incorrect.

Legally, Hughes' argument does not rise to the level of an actual conflict. To demonstrate an actual conflict under the Sixth Amendment, a defendant must show: (1) that his counsel actively represented conflicting interests; and (2) that the conflict adversely affected his lawyer's performance. *Cuyler*, 446 U.S. at 350; *Holloway*, 435 U.S. at 482-84. As discussed above, Hughes makes a factual allegation that counsel disparaged Hughes and placed Hughes in a negative light thereby violating his duty of loyalty and confidentiality which created an actual conflict. As an initial matter, if the allegations had factual merit, Hughes' argument would require this Court to find in the first instance that counsel's conduct violated the Idaho Rules of

7

Professional Conduct. We decline to make that determination as this is not the appropriate venue for such a contention. Additionally, Hughes' allegations that counsel disparaged him and placed him in a negative light do not demonstrate that counsel was actively representing conflicting interests and does not rise to the level of an actual conflict pursuant to relevant case law. Moreover, Hughes has not articulated that counsel's alleged conflict had an adverse effect on his lawyer's performance. Consequently, Hughes' argument is factually without merit and, legally, no actual conflict of interest has been shown. Therefore, the district court's denial of counsel's motion to withdraw did not violate the United States Constitution and was not an abuse of discretion.

## III.

## CONCLUSION

The district court correctly denied counsel's motion to withdraw. Therefore, the district court's order denying counsel's motion to withdraw is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.